IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANCISCO JAVIER MARTINEZ )
GUZMAN, )
)                    Case No. 3:25-cv-236J
Petitioner, )                    Judge Stephanie L. Haines
)
v. )
)
KRISTI NOEM, *SECRETARY, U.S.* )
*DEPARTMENT OF HOMELAND* )
*SECURITY, et al.,* )
)
Respondents. )

## ORDER

Pursuant to Federal Rule of Civil Procedure 65:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1) (emphasis added). Further, in order to obtain a temporary restraining order (a "T.R.O."), a petitioner must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the petitioner, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."); *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017) (explaining that the first two factors are necessary preconditions to preliminary equitable relief).

Here, upon review of Petitioner Francisco Javier Martinez Guzman's ("Petitioner") Motion

for a Temporary Restraining Order ("T.R.O."), ECF No. 10, the Court finds that he has failed to

make a sufficient showing to obtain a T.R.O. at this time.[1] Therefore, **IT IS HEREBY**

**ORDERED** that Petitioner's Motion at ECF No. 10 is **DENIED**.

---

[1] The Court takes this opportunity to more fully explain its decision. According to Petitioner, he was first ordered removed from the United States on August 11, 2009, and was removed soon thereafter. ECF No. 10, ¶ 1. After his removal from the United States, Petitioner re-entered the country unlawfully and, on August 31, 2023, had his prior order of removal reinstated. *Id.* at ¶ 2. On August 7, 2024, an Immigration Judge granted Petitioner a deferral of removal to his native country, El Salvador, ECF No. 1-1, p.1; the Board of Immigration Appeals (the "BIA") affirmed the Immigration Judge's decision on January 31, 2025. ECF No. 1-2. On July 10, 2025, Respondents provided Petitioner notice that they intended to remove him to Mexico and a date for removal was set for September 17, 2025. ECF No. 10, ¶¶ 4–5. Upon expressing fear of removal to Mexico, Petitioner was returned to the Western District of Pennsylvania so that a Reasonable Fear Interview ("RFI") could be conducted. *Id.* at ¶ 5. After Petitioner's RFI was conducted before a U.S. Citizenship and Immigration Services ("USCIS") Officer on September 29, 2025, Petitioner filed his pending Motion for a T.R.O., ECF No. 10, with this Court. *See id.* at ¶ 6. Therein, Petitioner preemptively requests this Court enter a T.R.O. prohibiting his removal from the continental United States, in the event that his RFI is denied by the USCIS Officer, so that he may seek an Immigration Judge's review of that potential denial. *Id.* at ¶¶ 7–9, 20.

It is clear that Petitioner has failed to allege sufficient facts to satisfy either of the gateway factors for grant of a T.R.O. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017) (characterizing likelihood of success on the merits and a showing of irreparable harm as "gateway factors."). Here, Petitioner's entire Motion for a T.R.O. is predicated upon the following speculations: first, his RFI will be denied by the USCIS Officer, and second, that, in the event his RFI is denied, Respondents will not afford him the opportunity to have that denial reviewed by an Immigration Judge. The Supreme Court has indicated that injunctive relief is not appropriate to prevent the possibility of some remote future injury; on this score, the Court wrote:

> Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction. *Los Angeles v. Lyons,* 461 U.S. 95 (1983); *Granny Goose Foods, Inc. v. Teamsters,* 415 U.S. 423 (1974); *O'Shea v. Littleton,* 94 S.Ct. 669 (1974); see also 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948.1, p. 139 (2d ed.1995) (hereinafter Wright & Miller) (applicant must demonstrate that in the absence of a preliminary injunction, "the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered"); *id.,* at 154–[]55[; *O'shea,*] 94 S.Ct. 669 ("[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury"). Issuing a preliminary injunction **based** only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (*per curiam*).

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008) (cleaned up) (emphasis provided). In other words, "[a] party seeking prospective injunctive relief must demonstrate a real and immediate, i.e., not speculative, threat of future harm." *Louisiana Counseling & Fam. Servs. Inc. v. Mt. Fuji Japanese Rest.*, No. 08-6143, 2014 WL 941353, at *7 (D.N.J. Mar. 11, 2014) (*aff'd sub nom.* in *Brown v. Mt. Fuji Japanese Rest.*, 615 F. App'x 757 (3d Cir. 2015)) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983)). Because Petitioner's argument that he is likely to succeed on the merits is based upon decisions and denials that may or may not happen, his Motion for a T.R.O. fails to demonstrate that he is likely to incur irreparable injury in the absence of an injunction at this time. Because Petitioner's Motion for a T.R.O. and the due process claim therein are predicated on the possibility of some remote future injury, his Motion must, therefore, be denied.

IT IS FURTHER ORDERED that all remaining matters in this case remain referred to the

Magistrate Judge for consideration in the first instance.

DATED: September 30, 2025:          BY THE COURT:


                                          _/s/ Stephanie L. Haines_
                                       STEPHANIE L. HAINES
                                       UNITED STATES DISTRICT JUDGE

---

Additionally, to the extent that Petitioner has alleged that removal to Mexico would result in his further removal to El Salvador, ECF No. 10, ¶ 15, and thus constitute irreparable harm—an event that, based upon Respondents' July notice, _may_ occur following the proper administrative procedures—the Court notes that Petitioner has failed to set forth the jurisdictional basis on which the Court could issue injunctive relief on that score. This Court has previously articulated that it often lacks jurisdiction to adjudicate a T.R.O. request that asks this Court to both: (1) review whether a prospective third country of removal is a proper country of removal— a decision that is closely "bound up with" a final order of removal (_see_ § 1252 (a)(5), (b)(9)); or, (2) review an action of the executive branch to execute a removal order (_see_ § 1252(g)). _Odiase v. Oddo_, No. 3"25-206, 2025 WL 2673938, at *6 n.11 (W.D. Pa. Sept. 18, 2025). Section 1252(g) "strips us of jurisdiction to review the Attorney General's 'decision or _action_ … to … execute [a] removal order[]'" and section 1252(b)(9) renders review of any claim "aris[ing] from any action taken or proceeding brought to remove an alien" "available only in judicial review of a final order" in the appropriate circuit court of appeals. _Tazu v. Attorney General United States_, 975 F.3d 292, 294, 299 (3d Cir. 2020) (emphasis added); _see also Reno_, 525 U.S. at 483 (Section "1252(g) as we interpret it serves the continuing function of making clear that those specified decisions and actions [commencing proceedings, adjudicating cases, and executing removal orders]. . . are covered by the 'zipper' clause of § 1252(b)(9)."); _Rranxburgaj v. Wolf_, 825 Fed.Appx. 278, 283 (6th Cir. 2020) ("In the REAL ID Act, Congress decided that, as a matter of public policy, we do not have jurisdiction to decide claims that arise from the decision of the Executive Branch to execute a removal order—like the ones presented in this suit. Accordingly, whether or not we agree with ICE's decision to execute [a] plaintiff's removal order. . . th[at] decision[] [is] not reviewable by" district courts). Thus, Petitioner has further failed to articulate how his instant claim arises from anything other than "action taken . . . to remove an alien [Petitioner] from the United States[,]" 8 U.S.C. § 1252(b)(9), pursuant to a final order of removal, which did not defer removal to Mexico, _see_ ECF No. 1-1; ECF No. 1-2; 8 C.F.R. § 1208.16(f)) ("Nothing in this section or § 1208.17 shall prevent the Service from removing an alien to a third country other than the country to which removal has been withheld or deferred.").